UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
BEST INDUSTRIES (PVT), LTD., :
:
           Plaintiff, : **ECF CASE**
:
           -against- : **Case No.:** 13-civ-00446/SAS
:
PEGASUS MARITIME, INC., PEGASUS :
SHIPPING, INC., and DCE TRUCKING CORP., : **COMPLAINT**
:
           Defendants. :
-----------------------------------------------------------------x

      Plaintiff, through its undersigned attorney, alleges as follows for its complaint against defendants upon information and belief:

      1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure with respect to the carriage of the subject cargo by sea and also falls within the Court's federal question, pendent, ancillary, and supplemental jurisdiction as to the remaining aspects of the claim in suit. Plaintiff seeks recovery for cargo damage and loss caused by defendants' breaches of contract and/or defendants' torts.

      2.    This Court has jurisdiction over the defendants, who conduct business in the State of New York and/or within the United States as a whole within the meaning of and pursuant to Rule 4(k)(2) of the Federal Rules of Civil Procedure.

### THE PARTIES

      3.    Plaintiff, Best Industries (Pvt.) Ltd. ("Best") is a corporation organized under the laws of one of the fifty states with an office at 147 West 35th Street, Suite 806, New York, New York and is the owner of a cargo of 596 cartons of men's shorts carried pursuant to an ocean bill

of lading ("BOL") number PGSM/BAN/NYC 00972, issued by defendant Pegasus Maritime, Inc. ("Pegasus Maritime").

4. Pegasus Maritime, Inc., is a corporation or other form of business entity with an office and place of business located at 250 W. 39th Street, Suite 501, New York, New York 10018 and was the carrier of the cargo which is the subject matter of this action.

5. DCE Trucking Corp., is a corporation or other business entity with an office and place of business located at 3401 Tremley Point Road, Unit 6, Linden, New Jersey 07036 which holds itself out as a common carrier by truck and which carried the cargo which is the subject matter of this action from the discharge port to the designated receiver of the cargo.

## FIRST CAUSE OF ACTION

6. Best purchased from Fashion FX Ltd of Gazipura, Bangladesh, a consignment of men's clothing consisting of 11,730 units of men's shorts packed into 782 cartons.

7. Best contracted with Pegasus to carry the cargo from the load port of Chittagong, Bangladesh to the port of New York and there to deliver the cargo to Best.

8. On or about December 27, 2011 the full cargo was loaded into a 40 foot standard container, SENU 424137-0 at Pegasus Bangladesh's premises where the stuffing of the cargo was observed by two independent surveyors appointed by Pegasus, confirming that 782 cartons were loaded into the container. Security seal number HB707571 was securely affixed to the container doors at the composition of loading.

9. Container number SENU 424137-0 and the full cargo, then being in good order and condition, was received by or on behalf of Pegasus Maritime at Chittagong, Bangladesh on December 27, 2011.

10. Pegasus Maritime issued bill of lading number PGSM/BAN/NYC 00972, acknowledging receipt of the full cargo of 782 cartons of cargo, for carriage to the port of New York and pursuant to which Pegasus Maritime agreed to carry the cargo to the port of New York and to there deliver the cargo, in the same good order and condition, for an agreed upon freight charge.

11. The container was discharged at New York Container Terminal on January 30, 2012.

12. On February 3, 2012 container SENU 424137-0 was delivered to DCE Trucking at New York Container Terminal.

13. The container was delivered to Statco Warehouse on February 3, 2012 where the seal was checked and was found to be the one noted on the shipping documentation.

14. Upon devanning of the cargo at Statco Warehouse a shortage of 596 cartons was noted.

15. Plaintiff has sustained damages in the amount of $105,358.00.

16. Plaintiff has fulfilled all conditions precedent and brings this action in its own name and as agent for any party which now has or may acquire an interest in the Cargo during the pendency of this action.

17. The cargo was delivered into the care, custody and control of defendant who contracted to carry the cargo from place of receipt to the place of delivery. Pegasus Maritime acknowledged receipt of the full cargo at the port of loading and failed to deliver the full cargo at destination.

18. As a result of the foregoing, plaintiff and those on whose behalf it sues, has sustained damages in the amount of $105,358.00.

## SECOND CAUSE OF ACTION

19. Plaintiff repeats and realleges the allegations in Paragraph 1 through 18 of this Complaint as if set out at length herein.

20. Defendant DCE Trucking Corp., received container number SENU 424137-0 at New York Container Terminal on or about February 3, 2012, contained the full cargo of 782 cartons of men's shorts, then in good order and condition which DCE Trucking agreed to carry for an agreed upon freight charge to Statco Warehouse.

21. Upon delivery of container number SENU 424137-0 to Statco Warehouse on February 3, 2012, a shortage of 596 cartons was observed.

22. The value of the missing cargo and damages sustained is $105,358.00.

WHEREFORE, plaintiff demands judgment against the defendants jointly and severally in the amount of $105,358.00 together with interest at the rate of 9% per annum and the costs of this action.

Dated: New York, New York
January 11, 2012

REPPERT KELLY, LLC

*J. Vincent Reppert*
J. Vincent Reppert (JR-1984)
Reppert Kelly, LLC
570 Lexington Avenue
8th Floor
New York, New York 10022
Tel: (212) 490-0988
Fax: (212) 490-0287
e-mail: jvreppert@reppertkelly.com
*Attorneys for Plaintiff*