UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

BEST INDUSTRIES (PVT), LTD.,

        Plaintiff,

- against -

PEGASUS MARITIME, INC., PEGASUS
SHIPPING, INC, and DCE TRUCKING
CORP.,

        Defendants.

------------------------------------------------------------ X

PEGASUS MARITIME, INC. and
PEGASUS SHIPPING, INC.,

        Third-Party Plaintiffs,

- against -

M/V APL PEARL, her engines, tackle,
boilers, etc., *in rem*, APL CO. PTE LTD.,
AMERICAN PRESIDENT LINES, LTD.,
and HANJIN SHIPPING CO., LTD., *in
personam*,

        Third-Party Defendants.

------------------------------------------------------------ X

**MEMORANDUM
OPINION AND ORDER**

13 Civ. 446 (SAS)

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

I.      BACKGROUND AND SUMMARY

Defendants Pegasus Maritime, Inc. and Pegasus Shipping, Inc. (collectively, "Pegasus") filed a third-party complaint against third-party defendants Hanjin Shipping Co., APL Co., and American President Lines, Ltd. (collectively, "third-party defendants"), and also against a vessel *in rem*. All causes are designated as admiralty claims under Federal Rule of Civil Procedure 9(h).

Because this action stems from an admiralty claim, Pegasus invoked the liberal third-party practice provisions of Rule 14(c), which in addition to ordinary impleader rules, allows third-party plaintiffs to "demand judgment in the [original] plaintiff's favor against the third-party defendant."[1] The Rule then provides that "the third-party defendant must defend under Rule 12 against the plaintiff's claim as well as the third-party plaintiff's claim; and the action proceeds as if the plaintiff had sued both the third-party defendant and the third-party plaintiff."[2]

---

[1]    Fed. R. Civ. P. 14(c)(2).

[2]    *Id.*

Plaintiff Best Industries (Pvt), Ltd. ("Best") subsequently emailed a "Stipulation and Order of Partial Dismissal" to the Clerk of the Court.[3] This Stipulation purports to dismiss Best's claims against the *in personam* third-party defendants, presumably via Rule 41(a)(1)(A)(ii). Pegasus responded by letter to this Court arguing that the Stipulation should not be accepted because Pegasus does not consent and because it has the right to assert Best's claims within the current action, regardless of Best's wishes, under Rule 14(c)(2). For the following reasons, I am persuaded by Pegasus's argument and decline to order the proposed stipulation.

## II.   DISCUSSION

### A.   Rule 14 Precludes Dismissal

Rule 14(c)(2) states:

> The third-party plaintiff may demand judgment in the plaintiff's favor against the third-party defendant. In that event, the third-party defendant must defend under Rule 12 against the plaintiff's claim as well as the third-party plaintiff's claim; and the action proceeds as if the plaintiff had sued both the third-party defendant and the third-party plaintiff.

The question is whether the third-party plaintiff, having demanded judgment against a third-party defendant in favor of the original plaintiff, may continue to

---

[3] *See* Letter from Justin M. Heilig, Hill Rivkins LLP, Attorneys for Pegasus, to this Court (June 4, 2013) (on file in chambers).

prosecute that claim even if the plaintiff wishes to dismiss its claims against the third-party defendant. While there does not appear to be any controlling precedent on this precise issue, both the plain text and the purposes of Rule 14(c)(2) suggest that such third-party claims may not be dismissed by stipulation without the consent of the third-party plaintiff.

The plain text of Rule 14(c)(2) does not simply give plaintiff the option to bring direct claims against a third-party defendant — indeed, that would be the ordinary procedure for impleader under Rule 14(a)(3). Instead, Rule 14(c)(2) clearly states that it is the *third-party plaintiff* who may demand judgment in the plaintiff's favor.[4] The Rule's text does not provide plaintiff with the choice to withdraw claims against a third-party defendant. Indeed, the Rule states that if the third-party plaintiff demands judgment in favor of the plaintiff, "the third-party defendant *must* defend under Rule 12 . . . ."[5]

---

[4]     *See also United States v. M/V Cosco Busan*, No. 07-6045 SC, 2008 WL 4938106, at *4 (N.D. Cal. Nov. 17, 2008) ("Rule 14(c) states that 'the action proceeds *as if* the plaintiff had sued both the third-party defendant and the third-party plaintiff.' In a sense, the Rule permits courts to indulge in a legal fiction and proceed under the pretend assumption that the plaintiff had in fact sued the third-party defendant. Notably, however, Rule 14 does not say that, by its operation, the plaintiff *does in fact* sue a third-party defendant brought in by the third-party plaintiff." (citations omitted)).

[5]     Fed. R. Civ. P. 14(c)(2) (emphasis added).

While authority on the matter is extremely limited,[6] the only case that can be considered on point confirms this reading. In *Texaco Exploration & Production Co. v. AmClyde Engineered Products Co.*,[7] the original plaintiff moved to strike the addition of a third-party defendant against whom the original plaintiff's claims were asserted by a third-party plaintiff under Rule 14(c)(2). The Fifth Circuit explained that when claims are made against a third-party defendant under Rule 14(c)(2), "the plaintiff is then *required* to assert his claims directly against the third-party defendant."[8]

An examination of the purposes of Rule 14(c) further supports the conclusion that plaintiff cannot dismiss a 14(c)(2) impleader against a third-party

---

[6]   For example, only three cases on Westlaw citing the relevant provision appeared following a search of all materials containing the string "14(c)(2)."

[7]   243 F.3d 906 (5th Cir. 2001).

[8]   *Id.* at 910 (emphasis added) (citing 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1465 (2d ed. 1990)). Note that this does not mean that plaintiff must prosecute her own claims, but rather that the claim itself cannot be withdrawn by her. *See Ohio River Co. v. Continental Grain Co.*, 352 F. Supp. 505, 511-12 (N.D. Ill. 1972) (noting that after a Rule 14(c)(2) impleader, "the [original] plaintiff could be entitled to a judgment against the third-party defendants even though it asserted no claim and offered no evidence against them" (alteration in original) (internal quotation marks omitted)). *See also* 6 Charles Alan Wright et al., *Federal Practice and Procedure* ("*Federal Practice*") § 1465 (3d ed. 2013) ("As a consequence [of Rule 14(c)(2) impleader], plaintiff is then forced to assert his claims directly against the third-party defendant.").

defendant without the consent of the third-party plaintiff. "Rule 14(c) was designed to expedite and consolidate admiralty actions by permitting a third-party plaintiff to demand judgment against a third-party defendant in favor of the plaintiff."[9] The Rule 14(c)(2) provisions were included to incorporate admiralty's history of "liberal third-party practice" into the Federal Rules of Civil Procedure, including "defendant's traditional right to demand judgment directly in favor of plaintiff."[10] Because, as discussed above, the text of the Rule also supports this conclusion, the Rule should be interpreted to maintain this "traditional right."

### B. The Stipulation Does Not Meet the Requirements of Rule 41

Furthermore, the requirements of Rule 41(a)(1)(A)(ii) were not met in this case. The Rule requires that "a stipulation of dismissal [be] signed by *all* parties who have appeared."[11] Both Pegasus and the third-party defendants have

---

[9] *Texaco Exploration*, 243 F.3d at 910. *Accord Limon v. Berryco Barge Lines, L.L.C.*, 779 F. Supp. 2d 577, 586 (S.D. Tex. 2011) (quoting *Durgin v. Crescent Towing & Salvage, Inc.*, No. Civ.A. 00-1602, 2002 WL 1789776, at *2 (E.D. La. July 31, 2002)).

[10] 6 *Federal Practice* § 1465.

[11] Fed. R. Civ. P. 41(a)(1)(A)(ii) (emphasis added).

appeared,[12] and the claims against the third-party defendants originated in Pegasus's Third-Party Complaint.[13]  Pegasus did not sign the Stipulation.

The case law confirms this understanding of Rule 41.  In one case, plaintiff sought to dismiss only a select number of defendants from the action after they had appeared.[14]  The stipulation was signed by plaintiff and only the defendants for whom the action was to be dismissed.[15]  The district court held that dismissal by stipulation under Rule 41(a)(1)(A)(ii) was unavailable, since not all parties had signed the stipulation.[16]

---

[12]   *See, e.g.*, Pegasus's Answer to Complaint and Crossclaim [Docket No. 3]; Pegasus's Third Party Complaint [Docket No. 6]; Hanjin Shipping Co.'s Answer to Third Party Complaint [Docket No. 11].

[13]   Docket No. 6.

[14]   *See Degregorio v. O'Bannon*, 86 F.R.D. 109, 118-19 (E.D. Pa. 1980).

[15]   *See id.*

[16]   *See id.* at 119.  *Accord Alholm v. American S.S. Co.*, 167 F.R.D. 75, 79-80 (D. Minn. 1996) (holding that because some of the defendants did not execute the stipulation, there could not be a dismissal under Rule 41(a)(1)(A)(ii)).  *Cf. United States v. Altman*, 750 F.2d 684, 695-96 (8th Cir. 1984) (noting that the aforementioned rule does not apply in consolidated cases, but only because "even after consolidation, the cases retain much of their independent identity").

## III. CONCLUSION

For all of the reasons stated above, Best and the third-party defendants may not dismiss by stipulation the claims brought by Pegasus in favor of Best under Rule 14(c)(2) without the agreement of *all* parties in the case. As such, this Court rejects the proposed stipulation.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         June 7, 2013

## - Appearances -

**For Plaintiff:**

Julius Vincent Reppert, Esq.
Reppert Kelly LLP
1350 Broadway, 10th Floor
New York, NY 10018
(212) 490-0988
JVReppert@reppertkelly.com

**For Defendants Pegasus Maritime, Inc. and Pegasus Shipping, Inc.:**

Justin Matthew Heilig, Esq.
Hill Rivkins LLP
45 Broadway, Suite 1500
New York, NY 10006
(212) 669-0699
jheilig@hillrivkins.com

**For Third-Party Defendants:**

Randolph H. Donatelli, Esq.
Cichanowicz, Callan, Keane, Vengrow & Textor
61 Broadway, Suite 3000
New York, NY 10006
(212) 344-7042
rdonatelli@cckvt.com